(No. 17006.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES NELSON, Plaintiff in Error.

*Opinion filed December 16, 1925—Rehearing denied Feb. 5, 1926.*

1. CRIMINAL LAW—*when count sufficiently charges violation of Prohibition act.* Violation of the Prohibition act in the possession of a still is sufficiently charged by an information alleging that the defendant "unlawfully did then and there have in his possession a still, without then and there having a permit from the Attorney General of the State of Illinois or any other proper or lawful authority so to do, in violation of the Illinois Prohibition act, which said still was then and there possessed" by the defendant "with the intention and for the purposes of the illegal manufacture of intoxicating liquor, in violation of said act."

2. PROHIBITION—*conviction under section 33 of Prohibition act does not bar prosecution under section 27.* The offense of manufacturing intoxicating liquor as defined in section 33 of the Prohibition act is an entirely distinct and separate offense from the possession of a still, which is made an offense by section 27 of the act, and a conviction, under the former section, of manufacturing the liquor is not a bar to a prosecution under section 27 for unlawful possession of the still with which the liquor was manufactured.

WRIT OF ERROR to the County Court of Saline county; the Hon. A. G. ABNEY, Judge, presiding.

H. R. LIGHTFOOT, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, CHARLES T. FLOTA, State's Attorney, and EDWARD C. FITCH, for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Upon an information filed in the county court of Saline county the plaintiff in error was tried and convicted for a violation of the Prohibition act and sentenced to serve six months in the county jail of Saline county and pay a fine of $200 and the costs of the suit. To review this judg-

ment of conviction plaintiff in error has sued out a writ of error from this court.

It is first contended that the count of the information upon which he was convicted was insufficient in law and did not meet the constitutional requirements of an indictment. The charging part of the count in question is as follows: "Unlawfully did then and there have in his possession a still, without then and there having a permit from the Attorney General of the State of Illinois or any other proper or lawful authority so to do, in violation of the Illinois Prohibition act, which said still was then and there possessed by the said Charles Nelson with the intention and for the purposes of the illegal manufacture of intoxicating liquor, in violation of said act." The allegations of this count of the information fully met the constitutional requirements as the same are laid down in *People* v. *Tate,* 316 Ill. 52, and the county court did not err in so holding.

On February 9, 1924, the home of plaintiff in error was searched by the sheriff of Saline county and his deputies and a still in operation was found therein, from the coil of which "white mule" was running. The still was seized by the sheriff, and plaintiff in error was arrested and charged under section 33 of the Prohibition act with manufacturing intoxicating liquor. He entered a plea of guilty to the charge in the county court of Saline county and was sentenced by the court upon such plea. On March 2, 1925, the present information was filed in the county court, and the still which plaintiff in error is charged in this case with unlawfully possessing is the same still that was taken from his home on February 9, 1924. It is contended by plaintiff in error that the prosecution under section 33 for the manufacturing of intoxicating liquor bars a prosecution under section 27 for the possession of the same still which was used in manufacturing the liquor. This contention cannot be maintained. Section 33 of the Prohibition

act provides: "Any person who manufactures, transports, or sells liquor in violation of this act shall for a first offense be fined not less than $100 nor more than $1000, or be imprisoned not less than sixty days nor more than six months, or both." Section 27 provides: "It shall be unlawful for any person to own, operate or maintain, or have in his possession or any interest in a still, unless he shall first secure a permit from the Attorney General.  *  *  *  Any person who violates this section shall, for the first offense, be fined not more than $200 or imprisoned not exceeding six months, or both." By these sections entirely distinct and separate offenses, with differing penalties, are created, and a conviction for one of such offenses does not constitute a bar to a conviction for the other. The gist of the offense in the present case is the unlawful possession of the still, while the gist of the former offense was not its unlawful possession but was the unlawful manufacturing of intoxicating liquor. The conviction in the former case is not a bar to the present conviction.

Complaint is made as to the giving of some instructions at the request of the prosecution and the refusal to give an instruction requested by the defendant. The uncontradicted evidence of four witnesses is to the effect that at the time in question they found the still in question in unlawful operation, in the possession of plaintiff in error. While some of the instructions given are not entirely accurate the evidence of guilt is overwhelming, and such inaccuracy in the matter of instructions would not justify us in setting aside the judgment of conviction in this case.

The judgment is affirmed.          *Judgment affirmed.*